UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SASHA MEJIA, on behalf of ADALGISA
HERNANDEZ,

                    Plaintiff,

        -against-

SECRETARY OF THE U.S. DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

                    Defendant.

25-CV-9267 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Sasha Mejia ("Mejia") brings this action on behalf of Adalgisa Hernandez

("Hernandez"), seeking review of the Medicare Appeals Council's denial of Medicare benefits

for Hernandez.[1]  To proceed with a civil action in this Court, a plaintiff must either pay $405.00

in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP

application. *See* 28 U.S.C. §§ 1914, 1915.

        Mejia submitted the complaint without the filing fees or an IFP application. Within thirty

days of the date of this order, Mejia must either pay the $405.00 in fees or submit the attached

IFP application. If Mejia submits the IFP application, it should be labeled with docket number

25-CV-9267 (LTS). Mejia should complete the IFP application with Hernandez's information. If

Mejia financially supports Hernandez, she must also include her own financial information on

the IFP application. *See, e.g.*, *Chambers v. Conn.*, No. 3:24-CV-1454, 2025 WL 1332989, at *2

(D. Conn. May 7, 2025) ("In determining whether . . .  [an IFP applicant's] financial

---

        [1] In a separate order, the Court directed Mejia to show cause why she should be
permitted to bring claims *pro se* on behalf of Hernandez.

circumstances meet these standards, courts consider not only his personal resources, but also the resources of anyone who supports him."), *recommended ruling adopted*, (D. Conn. July 2, 2025) (text order); *Pierre v. City of Rochester*, No. 16-CV-6428, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 12, 2018) ("Where a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee."); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed [IFP], a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" (emphasis added, citation omitted)).

No summons shall issue at this time. If Mejia fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:     November 24, 2025
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge