UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SASHA MEJIA, on behalf of ADALGISA HERNANDEZ,<br><br>Plaintiff,<br><br>-against-<br><br>SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | 25-CV-9267 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Sasha Mejia ("Mejia") brings this *pro se* action on behalf of her grandmother, Adalgisa

Hernandez ("Hernandez"), seeking review of the Medicare Appeals Council's final decision

denying Medicare benefits for Hernandez. The complaint is signed only by Mejia.[1] For the

reasons set forth below, the Court directs Mejia to show cause by declaration why she should be

permitted to litigate this action *pro se*.

## DISCUSSION

In the complaint, Mejia states that she is Hernandez's granddaughter and "authorized

representative." (ECF 1, at 1.) She des not allege that she is a lawyer. As a nonlawyer, Mejia can

only represent her own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*,

540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not

appear on another person's behalf in the other's cause." (internal quotation marks and citation

omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that

---

[1] Mejia did not pay the $405.00 in fees required to bring a civil action in this court or submit an application to proceed *in forma pauperis*, that is, without prepayment of fees. By separate order, the Court has directed Mejia to cure this deficiency by either paying the fees or filing an *in forma pauperis* application.

Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'").

"In determining whether a non-attorney individual is attempting to bring an action on behalf of another, the 'threshold question' is 'whether a given matter is plaintiff's own case or one that belongs to another.'" *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). For example, in the similar context of actions seeking judicial review of a final administrative decision of the Commissioner of Social Security, a parent with custody of a child and who would likely be the representative payee generally has a "significant stake in the outcome of the litigation" because the child's qualification for disability benefits will affect the parent's responsibility for the child's expenses. *Machadio*, 276 F.3d at 107; *see also Vapne v. Apfel*, 36 F. App'x 670, 671-72, (2d Cir. 2002) (allowing a husband to challenge *pro se* the amount of his wife's Social Security benefits because their interests were "closely intertwined"); *McCarthy v. Azar*, No. 19-CV-6683, 2020 WL 1697995, at *1 n.2 (E.D.N.Y. Apr. 7, 2020) (holding that, in bringing claims on behalf of minor children, a mother is "also representing her own interests in seeking financial assistance for her family through the Medicaid program"). In the Social Security context, a nonlawyer who "has a sufficient interest in the case and meets basic standards of competence" may proceed without counsel. *Machadio*, 276 F.3d at 107. With respect to a minor child, a family member likely "meets basic standards of competence" if she properly represented the minor child before the Commissioner of Social Security and the family member's abilities have not changed since those proceedings. *See id.* at 106–08.

Here, Mejia is seeking to assert claims on behalf of her grandmother, rather than a minor child or a spouse. While Mejia alleges that she is Hernandez's "authorized representative," she

does not explain the nature or scope of her capacity to represent Hernandez. Nor does Mejia allege any facts demonstrating that she has a stake in the litigation because, for example, she is responsible for Hernandez's expenses. It is also unclear from the complaint whether Mejia represented Hernandez in administrative proceedings before the Medicare Appeals Council.

The Court therefore directs Mejia to show cause by declaration, within 30 days, why she should be permitted to litigate this action *pro se*. Mejia should allege facts explaining the nature and scope of her role as Hernandez's "authorized representative," and facts demonstrating that she is Hernandez's legal guardian and/or responsible for Hernandez's expenses, or that their interests are otherwise "closely intertwined." She should also allege facts demonstrating that she "meets basic standards of competence" to litigate this action because, for example, she properly represented Hernandez's interests before the Medicare Appeals Council.

If Plaintiff does not file a declaration within the time allowed, the Court will dismiss this action without prejudice to refiling by Hernandez through counsel, or to Hernandez bringing claims *pro se* on her own behalf.

## CONCLUSION

The Court directs Mejia to show cause by declaration, within 30 days, why she should be permitted to litigate this action *pro se* on behalf of Hernandez. A declaration form that Mejia should complete is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

3

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 24, 2025
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Fill in above the full name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| | |
|---|---|
| _____ | _____ |
| Executed on (date) | Signature |
| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |
| _____ | _____ |
| Address | City                State      Zip Code |
| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |